UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| AMY FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| **v.** | ) |
| | ) |
| BLUETRITON BRANDS, INC. | ) |
| D/B/A PRIMO BRANDS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, AMY FOSTER ("Plaintiff" or "Foster") files her Complaint against the Defendant, BLUETRITON BRANDS, INC. d/b/a PRIMO BRANDS ("Defendant" or "Primo"), and states the following:

**NATURE OF THE CLAIMS**

1.      This is an action for monetary damages, injunctive relief, and other equitable relief brought pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. (hereinafter "ADA"), as applicable. Plaintiff alleges that Defendant engaged in unlawful employment practices based on disability, in violation of the aforementioned laws. These actions include, but are not limited to, discrimination, retaliation, failure to accommodate, wrongful termination, and harassment.

**JURISDICTION**

2.      This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and

1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights under ADA.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events, or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this district.

## THE PARTIES

4. Plaintiff, Foster, is a citizen of the United States was at all times material a resident of this district.

5. Defendant, Primo, is a For-Profit Corporation that operates in McBee, SC.

6. Defendant is a part of Primo Brands Corporation, which has its headquarters in Tampa, FL.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On May 13, 2025, Plaintiff filed a timely claim with the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b)and (e), based on disability discrimination and retaliation.

10. Plaintiff's EEOC charge was filed within one hundred eighty (180) days after the alleged unlawful employment practices occurred.

11. On March 27, 2026, the EEOC issued a Determination of Charge and Notice of Right to Sue.

12. This complaint was filed within ninety (90) days of Plaintiff's receipt of the

2

EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13.     Plaintiff Amy Foster was employed by Defendant for over a decade, including approximately eleven years on the production floor without any disciplinary issues.

14.     In 2022, Plaintiff was transferred from a facility in Maine to the McBee, South Carolina facility and promoted to Plant Administrator.

15.     Around November 2024, Primo Brands Corporation merged with BlueTriton Brands, Inc.

16.     Since the merger, the location that Plaintiff worked began doing business as Primo Brands, as employees transitioned to using Primo Brands email addresses, etc.

17.     Plaintiff suffers from disabilities, including depression and hypertension, which were disclosed to Human Resources shortly after the merger in or around January 2025.

18.     Plaintiff disclosed her disabilities following health complications that required her to request medical leave in January and February 2025.

19.     In January 2025, around the time that Plaintiff disclosed her medical conditions and Kevin Frevert assumed the role of Plant Manager at the McBee facility, Plaintiff's job responsibilities were significantly altered to include new technical tasks, including managing Microsoft Excel spreadsheets, for which Plaintiff had no prior training or experience.

20.     Plaintiff raised concerns regarding these changes and requested training; although acknowledged, such training was never provided.

21.     In February 2025, Plaintiff experienced stress-related health complications and was medically excused from work from February 13 to February 17, 2025.

22.     Plaintiff notified management, including Human Resources Representative Chasity Drumgoole, and submitted medical documentation supporting the absences.

23.     Upon returning to work on February 18, 2025, Plaintiff was subjected to a pattern of harassment by Mr. Frevert related to Plaintiff's health, including unsolicited comments and increased scrutiny.

24.     On or about February 26, 2025, Plaintiff was issued an unwarranted Performance Improvement Plan ("PIP") for an alleged failure to add a column in an Excel spreadsheet, a task recently added to Plaintiff's responsibilities without training.

25.     In March 2025, Plaintiff continued to experience health issues and was medically excused from work for approximately two weeks, again providing supporting medical documentation.

26.     Upon returning to work on or about March 19, 2025, Plaintiff was issued a second PIP for allegedly sending an email without prior discussion with leadership, despite having previously communicated the relevant information.

27.     Following these disciplinary actions and ongoing disability-related health issues, Plaintiff requested reassignment to her prior production floor role, which she had successfully performed for over a decade; this request was denied without explanation.

28.     On or about April 10, 2025, Plaintiff was terminated under the stated pretext of "performance."

29.     Plaintiff's termination occurred one day after she obtained and expressed intent to submit documentation substantiating her disability-related absences.

30.     Prior to Mr. Frevert's arrival and the disclosure of her medical conditions, Plaintiff had no meaningful history of performance issues and had received a favorable year-end review on

4

December 31, 2024.

31.     Defendant failed to provide reasonable accommodations for Plaintiff's known disabilities and instead altered job duties, denied training, and imposed escalating scrutiny and discipline after becoming aware of Plaintiff's medical conditions.

32.     Defendant's actions constitute discrimination and retaliation on the basis of disability in violation of the Americans with Disabilities Act.

### Count I: Disability Discrimination under the ADA

33.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32, above.

34.     At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

35.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

36.     Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

37.     Plaintiff was able to perform the essential functions of their job at the time of their termination.

38.     Defendant is prohibited under the ADA from discriminating against Plaintiff because of their disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

39.     Defendant intentionally discriminated against Plaintiff and subjected Plaintiff to disparate and discriminatory treatment throughout their employment based on their disability, thereby resulting in Plaintiff's unlawful termination.

40. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

41. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count II: Failure to Accommodate in Violation of the ADA

42. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32, above.

43. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA because Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

44. Plaintiff was able to perform the essential functions of her job at the time of her termination.

45. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

46. Defendant is required under the ADA to engage in the interactive process and provide reasonable accommodations for Claimant's disability.

47. Defendant failed to reasonably accommodate Plaintiff or engage in the interactive

6

process.

48.     Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

49.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling them to compensatory damages.

50.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling them to punitive damages.

### Count III:Retaliation in Violation of the ADA

51.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32, above.

52.     At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

53.     At all times relevant to this action, Plaintiff was a qualified employee within a disability under the ADA.

54.     Defendant intentionally retaliated against Plaintiff based on her requests for reasonable accommodations, and use of protected medical leave pursuant to her disability.

55.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

56.     Defendant's unlawful conduct in violation of the ADA was outrageous and

malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted,

*/s/ Jacob J. Modla*
Jacob J. Modla (SC Fed. #12639)
**CROMER BABB & PORTER, LLC**
1418 Laurel Street, Suite A (29201)
P.O. Box 11675
Columbia, SC 29211
Tel: (803) 799-9530
jake@cromerbabb.com
*Counsel for Plaintiff*

Columbia, South Carolina
April 30, 2026